UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JAMES WILCOX, NATALIA LEE, and JOHN BROWN,

                              Plaintiffs,

              -against-

CITY OF NEW YORK, JOSEPH RYAN, Individually,
CORNELIUS BUCKLEY, Individually, ANDREW FAGO,
Individually, ANDREW KINSELLA, Individually,
RAYMOND WITTICK, Individually, and JOHN and JANE
DOE 1 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                              Defendants.

--------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

12 CV 2978
(JBW) (RER)

<u>Jury Trial Demanded</u>

       Plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN, by their attorneys,

Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

       1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitution of the United States.  Plaintiffs

also assert supplemental state law claims.

## JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

       4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff JAMES WILCOX is a fifty year old African American man residing in Staten Island, New York.

7.     Plaintiff NATALIA LEE is a twenty year old African American woman residing in Staten Island, New York.

8.     Plaintiff JOHN BROWN is a twenty year old African American man residing in Staten Island, New York.

9.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

11.     That at all times hereinafter mentioned, the individually named defendants, JOSEPH RYAN, CORNELIUS BUCKLEY, ANDREW FAGO, ANDREW KINSELLA, RAYMOND WITTICK, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12.     That at all times hereinafter mentioned the defendants, either personally or

2

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

14.     On May 26, 2011, at approximately 6:00 a.m., plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN were in their bedrooms inside their home, located at 251B Jersey Street, Staten Island, New York, when the defendant police officers broke down the door and entered the location with their guns drawn.

15.     The defendant officers pointed guns at plaintiffs and arrested plaintiffs by placing handcuffs on their wrists.

16.     The defendants searched plaintiffs and their home and unlawfully took and withheld approximately $854.00 from plaintiff WILCOX and approximately $500.00 from plaintiff LEE.

17.     Notwithstanding the fact that plaintiffs WILCOX, LEE, and BROWN were not found to be in actual or constructive possession of any contraband, the defendants transported plaintiffs to the NYPD's 120th precinct stationhouse and imprisoned plaintiffs therein.

18.     The defendants imprisoned plaintiffs until their arraignments in Richmond County Criminal Court on May 26, 2011 at approximately 5:00 p.m.  The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the

3

legal process, to wit: to cover up the above mentioned abuse of authority.

19.    During the plaintiffs' arraignment, all charges filed against plaintiffs were dismissed and sealed.

20.    Defendant BUCKLEY supervised defendants RYAN, FAGO, KINSELLA, WITTICK, and JANE DOE 1 through 10 and approved of, oversaw, or otherwise participated in the arrest and prosecution of the plaintiff.

21.    Defendants RYAN, BUCKLEY, FAGO, KINSELLA, WITTICK, and JOHN and JANE DOE 1 through 10 directly participated in and/or failed to intervene in the illegal conduct described herein.

22.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to discrimination against plaintiffs due to their race and/or nationality.

23.    The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the search of premises pursuant to the authority of a search warrant; the execution of search warrants; and the treatment of innocent and/or uninvolved individuals found at the location of the execution of a search warrant.

24.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to

4

violate the plaintiffs' civil rights.

25.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

26.     As a result of the foregoing, JAMES WILCOX, NATALIA LEE, and JOHN BROWN, sustained, *inter alia*, pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

27.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

29.     All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

32.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33.     As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

34.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.     Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

36.     Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

37.     As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

38.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.    Defendants maliciously issued criminal process against plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN, by causing them to be arraigned and prosecuted in Criminal Court.

40.    Defendants caused JAMES WILCOX, NATALIA LEE, and JOHN BROWN, to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

41.    As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

42.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.    Defendants initiated, commenced and continued a malicious prosecution against plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN.

44.    Defendants caused plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN, to be prosecuted without any probable cause until the charges were dismissed on May 26, 2011.

45.    As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and

7

JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

46.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     The defendants conduct herein were an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

48.     As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN, were deprived of their liberty and right to substantive due process, causing emotional distress and physical pain and suffering.

49.     As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

50.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     The defendants seized, detained, arrested, and imprisoned plaintiffs because of plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

52.     As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN were deprived of their rights under the Equal Protection Clause of the United States Constitution.

53.     As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

54.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendants had an affirmative duty to intervene on behalf of plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN, whose constitutional rights were being violated in their presence by other officers.

56.     The defendants failed to intervene to prevent the unlawful conduct described herein.

57.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, they were humiliated and subjected to handcuffing and other physical restraints, and plaintiffs SMITH and EDWARDS were subjected to excessive force.

58.     As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be

fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

59.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

61.     As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

62.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: arresting individuals without probable cause, based only on their mere presence at the location of the execution of a search warrant, and then committing perjury and/or manufacturing evidence and/or engaging in falsification in an effort to convict such individuals.  In addition, the CITY OF NEW YORK

10

engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that were the moving force behind the violation of plaintiffs' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

65.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN.

66.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN, as alleged herein.

67.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN, as alleged herein.

68.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN, were unlawfully arrested and maliciously prosecuted.

69.     Defendants, collectively and individually, while acting under color of state law,

11

were directly and actively involved in violating plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN'S constitutional rights.

70.    All of the foregoing acts by defendants deprived plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN, of federally protected rights, including, but not limited to, the right:

A.    Not to be deprived of liberty without due process of law;

B.    To be free from false arrest/unlawful imprisonment;

C.    To be free from the failure to intervene;

D.    To be free from malicious prosecution;

E.    To be free from malicious abuse of process; and

F.    To receive equal protection under law.

71.    As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

72.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.    Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

74.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation

of such claim as aforesaid.

75.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

76.     Plaintiffs have complied with all conditions precedent to maintain the instant action.

77.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

78.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Defendants arrested plaintiffs without probable cause.

80.     Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

81.     As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

82.     As a result of the aforementioned conduct, plaintiffs suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

83.     As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

84.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

86.     As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

87.     As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

88.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     Defendants made offensive contact with plaintiffs without privilege or consent.

90.     As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91.     As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

92.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Defendants initiated, commenced, and continued malicious prosecutions against plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN.

94.     Defendants caused plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN to be prosecuted without probable cause until the charges were dismissed on or about May 26, 2011.

95.     As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

96.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

98.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

99.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

100.     The aforementioned conduct was intentional and for the sole purpose of causing

15

severe emotional distress to plaintiffs.

101.    As a result of the aforementioned conduct, plaintiffs suffered emotional distress, together with embarrassment, humiliation, shock, fright, and loss of freedom.

102.    As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

103.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

105.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

106.    As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

107.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

16

paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiffs.

109.     As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
<u>(Negligence under the laws of the State of New York)</u>

110.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.     Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

112.     As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

113.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

115.   As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

116.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.   As a result of defendants' conduct, plaintiffs were deprived of their right to equal protection of laws.

118.   As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
<u>(Violation of N.Y.S. Constitution Article 1 §12)</u>

119.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.    As a result of defendants' conduct, plaintiffs were deprived of their right to security against unreasonable searches, seizures, and interceptions.

121.    As a result of the foregoing, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN, are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs JAMES WILCOX, NATALIA LEE, and JOHN BROWN, demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        November 2, 2012

                                    LEVENTHAL & KLEIN, LLP
                                    Attorneys for Plaintiffs JAMES WILCOX,
                                    NATALIA LEE, and JOHN BROWN
                                    45 Main Street, Suite 230
                                    Brooklyn, New York 11201
                                    (718) 722-4100

                                                /s/
                                    By:    _____
                                           BRETT H. KLEIN (BK4744)

20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------X

JAMES WILCOX, NATALIA LEE, and JOHN BROWN,

                                 Plaintiffs,

                                                            12 CV 2978
        -against-                                      (JBW) (RER)

CITY OF NEW YORK, JOSEPH RYAN, Individually,
CORNELIUS BUCKLEY, Individually, ANDREW FAGO,
Individually, ANDREW KINSELLA, Individually,
RAYMOND WITTICK, Individually, and JOHN and JANE
DOE 1 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                  Defendants.

---------------------------------------------------------------------------------X


## AMENDED COMPLAINT


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100